IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a Corporation d/b/a MILLARD ROOFING AND GUTTER, | CASE NO: 8:23-cv-405 |
| Plaintiff, | |
| v. | ANSWER |
| CHURCH MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

Defendant, Church Mutual Insurance Company, for its answer to Plaintiff's *Complaint*, states as follows:

1. Upon information and belief, Defendant admits the allegations set forth in paragraph 1 of Plaintiff's *Complaint*.
2. Defendant denies it does business "elsewhere" because such term is vague, but admits the remaining allegations set forth in paragraph 2 of Plaintiff's *Complaint*.
3. Defendant admits the allegations set forth in paragraph 3 of Plaintiff's *Complaint*.
4. Defendant admits the allegations set forth in paragraph 4 of Plaintiff's *Complaint*.
5. Since Plaintiff has failed to identify the policy or assignment at issue, Defendant lacks information to admit the allegations set forth in paragraph 5 of the *Complaint* and therefore denies the same.
6. Since Plaintiff has failed to identify the policy or assignment at issue, Defendant lacks information to admit the allegations and therefore denies the same. Defendant denies the remaining allegations set forth in paragraph 6 of the *Complaint* for lack of sufficient knowledge.
7. Defendant denies the allegations set forth in paragraph 7 of the *Complaint*.
8. Defendant denies the allegations set forth in paragraph 8 of the *Complaint*.
9. Defendant denies the allegations set forth in paragraph 9 of the *Complaint*.

10. Paragraph 10 of Plaintiff's *Complaint* sets forth a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations set forth in paragraph 10 of the *Complaint*.
11. Defendant denies the allegations set forth in paragraph 11 of the *Complaint*.
12. Since Plaintiff has failed to identify the policy at issue, Defendant lacks information to admit the allegations and therefore denies the same. Defendant denies the remaining allegations set forth in paragraph 12 of the *Complaint*.
13. Since Plaintiff has failed to identify the policy at issue, Defendant lacks information to admit the allegations set forth in paragraph 13 of the *Complaint* and therefore denies the same.
14. Since Plaintiff has failed to identify the policy or assignment at issue, Defendant lacks information to admit the allegations and therefore denies the same. Defendant denies the remaining allegations set forth in paragraph 14 of the *Complaint*.
15. Since Plaintiff has failed to identify the policy or assignment at issue, Defendant lacks information to admit the allegations and therefore denies the same. Defendant denies the remaining allegations set forth in paragraph 15 of the *Complaint*.
16. Defendant denies the allegations set forth in paragraph 16 of the *Complaint*.
17. Since Plaintiff has failed to identify the policy or assignment at issue, Defendant lacks information to admit the allegations and therefore denies the same. Defendant denies the remaining allegations set forth in paragraph 17 of the *Complaint*.
18. Defendant denies the allegations set forth in paragraph 18 of the *Complaint*.
19. Paragraph 19 of Plaintiff's *Complaint* sets forth a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations set forth in paragraph 19 of the *Complaint*.
20. Defendant admits it has not made payment to Millard Roofing, but denies the remaining allegations set forth in paragraph 20 of the *Complaint*.
21. Defendant admits it has not made payment to Millard Roofing, but denies the remaining allegations set forth in paragraph 21 of the *Complaint*.

22. Defendant denies the allegations set forth in paragraph 22 of the *Complaint*.
23. Paragraph 23 of Plaintiff's *Complaint* sets forth a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations set forth in paragraph 23 of the *Complaint*.
24. Since Plaintiff has failed to identify the policy at issue, Defendant lacks information to admit the allegations and therefore denies the same. The remaining allegations set forth in paragraph 24 of Plaintiff's *Complaint* sets forth a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations set forth in paragraph 24 of the *Complaint*.
25. Defendant denies the allegations set forth in paragraph 25 of the *Complaint*.
26. Defendant denies the allegations set forth in paragraph 26 of the *Complaint*.
27. Paragraph 27 of Plaintiff's *Complaint* sets forth a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations set forth in paragraph 27 of the *Complaint*.
28. Paragraph 28 of Plaintiff's *Complaint* sets forth a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations set forth in paragraph 27 of the *Complaint*.
29. Defendant denies the allegations set forth in paragraph 29 of the *Complaint*.
30. Defendant denies the allegations set forth in paragraph 30 of the *Complaint*.

## JURY DEMAND

31. Defendant hereby requests a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

32. Defendant affirmative alleges that Plaintiff's *Complaint* fails to state a claim upon which relief may be granted.
33. Defendant affirmatively alleges that Plaintiff's *Complaint* seeks recovery for damages that are unwarranted.

WHEREFORE, Defendant prays for an order of the Court dismissing the *Complaint* at Plaintiff's cost and expense, and for such other and further relief to which it is entitled under the laws of the State of Nebraska.

Dated this 19th day of September, 2023.

                                            CHURCH MUTUAL INSURANCE
                                            COMPANY, Defendant,

By: *s/ Heather B. Veik*
      Heather B. Veik, #23463
      Sarah Dagel, #27458
      ERICKSON | SEDERSTROM, P.C.
      10330 Regency Parkway Drive Ste. 100
      Omaha, NE 68114
      (402) 397-2200
      hveik@eslaw.com
      sdage@eslaw.com
      Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Answer was served either by US Postage Prepaid or E-mail on this 19th day of September, 2023, upon:

    Theodore R. Boecker, Jr., NE #20346
    BOECKER LAW, P.C., L.L.O.
    1045 N. 115th Street Suite 125
    Omaha, NE 68154
    Tel: (402) 933-9500
    Fax: (402) 933-7983
    Email: boeckerlaw@msn.com

                                            *s/ Heather B. Veik*